**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ADAM MICHAEL ANDREWS**                                                                      **PLAINTIFF**

v.                                          **CASE NO. 4:22-CV-00164 JM**

**BRANDON JOHNSON,** *et al.*                                                                 **DEFENDANTS**

**ORDER**

On March 3, 2022, the Court granted Plaintiff Adam Andrews's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 4). Specifically, the Court determined that Andrews had made plausible excessive force and failure to intervene claims but asked Andrews to name the Doe Defendants, specify in what capacity he is suing them, and to identify the relief requested. (*Id*. at 2). Andrews timely filed an amended complaint, and this Court will screen it together with his initial complaint. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).

   **I.**      **Andrews's Claims**

Andrews states that on December 30, 2020, he was walking on Alcoa Rd in Saline County when in an attempt to shelter from the cold, he broke into an abandoned building. (Doc. 1; Doc. 5). In doing so, Andrews triggered an alarm. Andrews says a Bryant Police Department K-9 unit, Benton Police Department, and Saline County Sheriff's Officers all responded to the scene. (*Id*.). Andrews says he did not "resist, run, [or] backtalk" when handcuffed. (Doc. 1). Despite being handcuffed and on the ground, Andrews says that K-9 Officer Brandon Johnson ordered his dog Enzo to bite him and allowed Andrews to be bitten 10-15 times. (Doc 1; Doc. 5). Andrews required "major surgery" as a result. (Doc. 1). According to Andrews, the other officers present at the scene laughed and did not intervene. (Doc. 1; Doc. 5). Andrews names Bryant Police Department Officer

S. Singleton, Badge #12728, Officer Childs, and Sergeant Pickett[1] as the officers who failed to intervene. He sues the officers in their official and individual capacities and also adds the Bryant Police Department as a defendant. Andrews seeks damages

## II.     Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Andrews sues the Bryant Police Department and its Officers Brandon Johnson, S. Singleton, Childs, and Sergeant Pickett. Andrews's official-capacity damages claims against the officers and the Bryant Police Department are dismissed.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. Andrews has not alleged that any policy, practice, or custom was the moving force behind the alleged violations of his rights. As such, Andrews has failed to

---

[1] The Court directs the Clerk to add Bryant Police Department Sergeant Picket to the docket as a named defendant.

state official-capacity claims. Further, the Bryant Police Department is not subject to suit under 42 U.S.C. § 1983. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989); *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, Andrews's claims against these Defendants cannot proceed.

### III. Conclusion

1. For screening purposes, Andrews has stated an individual-capacity excessive force claim against Bryant Police Department K-9 Officer Brandon Johnson. Andrews has also stated individual-capacity failure-to-intervene claims against Bryant Police Officers Brandon Johnson, S. Singleton, Childs, and Sergeant Pickett.

2. The Court directs the Clerk to prepare summonses for Officers Johnson, S. Singleton, Childs, and Sergeant Pickett and deliver the summonses along with a copy of the Complaint (Doc. 1), Amended Complaint (Doc. 5), the Court's initial Order (Doc. 4), and this Order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. The Defendants may be served through their employer, the Bryant Police Department, 312 Roya Lane, Bryant, AR 72022.

IT IS SO ORDERED this 27th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE